# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT PATRICK ZAPPIA,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>WORLD SAVING BANK, FSB; All Persons unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in the Complaint adverse to Plaintiff's title or any cloud on Plaintiff's title thereto; and DOES 1 through 20, inclusive,<br><br>　　　　　　　Defendants. | CASE NO. 14cv2873-WQH-DHB<br><br>ORDER |

HAYES, Judge:

　　The matters before the Court are the Motion to Remand (ECF No. 8) and the "Motion to Strike and for Sanctions for Improper Removal" (ECF No. 9) filed by Plaintiff.

## BACKGROUND

　　On March 17, 2014, Plaintiff Albert Patrick Zappia filed a Complaint against Defendant World Savings Bank, F.S.B. in San Diego County Superior Court. (ECF No. 1-2). Plaintiff's Complaint asserts two claims: (1) quiet title to real property, Cal. Code Civ. Proc. §§ 760.010-764.080, and (2) cancellation of deed, Cal. Civ. Code § 3412.

Plaintiff's Complaint seeks declaratory and injunctive relief.

On December 4, 2014, Defendant Wells Fargo Bank, NA, successor by merger with Wells Fargo Bank Southwest, NA, f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo"), filed a Notice of Removal in this Court pursuant to 28 U.S.C. section 1332 on the basis of diversity of citizenship. (ECF No. 1).

On January 2, 2015, Plaintiff filed the Motion to Remand. (ECF No. 8). On January 13, 2015, Plaintiff filed the "Motion to Strike and for Sanctions for Improper Removal." (ECF No. 9). On January 20, 2015, Wells Fargo filed a consolidated response opposing Plaintiff's Motion to Remand (ECF No. 8) and Plaintiff's "Motion to Strike and for Sanctions for Improper Removal" (ECF No. 9). (ECF No. 10).

## MOTION TO REMAND (ECF No. 8)

### I.  Federal Diversity Jurisdiction

Plaintiff contends that there is not complete diversity of citizenship among the parties in this case because Defendant World Savings, FSB "was a Federal Savings Bank based in San Antonio, Texas doing business in the State of California, with its principal place of business in the County of San Diego." (ECF No. 8 at 2).

Defendant Wells Fargo contends that complete diversity of citizenship exists in this case because Plaintiff is a citizen of California and Wells Fargo, the successor-in-interest to World Savings Bank, FSB, is a citizen of South Dakota.

28 U.S.C. section 1332 authorizes district courts to exercise original jurisdiction in cases in which the amount in controversy exceeds the sum or value of $75,000.00 and the parties are citizens of different states. 28 U.S.C. § 1332. Pursuant to the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal jurisdiction must exist at the time the complaint is filed and at the time removal is effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir.

2002). There is a "strong presumption against removal" such that the removing party "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### A.  Citizenship of Albert Zappia

"The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

In the Notice of Removal, Defendant Wells Fargo asserts that "Plaintiff Albert Patrick Zappia is a citizen of California based on domicile, as she alleges residency and ownership of that parcel of real property situated in San Diego County commonly known as 1560 Stevenson Court, San Marcos[,] California 92069.... Upon information and belief, Plaintiff in this action resides in California with the intention to remain indefinitely." (ECFNo. 1 at 2). Plaintiff does not dispute this assertion. Plaintiff himself asserts that he is a citizen of California. *See* ECF No. 9-1 at 6 ("Plaintiff and Defendant are both citizens of California...."). The Court finds that the allegations of the complaint are adequate to establish that Plaintiff is a citizen of the state of California.

### B.  Citizenship of Wells Fargo

In the case of merging corporations, the Court looks to the citizenship of the surviving corporation for purposes of diversity jurisdiction. *See Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986) ("Bicrodyne was a citizen of California before merger; however, Cal.Corp.Code § 1107(a) states: Upon merger pursuant to this chapter the separate existence of the disappearing corporations ceases and the surviving corporation shall succeed ... to all the rights and property of each of the disappearing corporations and shall be subject to all the debts and liabilities of each in the same manner as if the surviving corporation had itself incurred them. Carpenter, the

surviving corporation here, is a citizen of Delaware. The district court did not err in holding that it had diversity jurisdiction to hear this case."). "For diversity jurisdiction purposes … Congress has discretely provided that national banks 'shall ... be deemed citizens of the States in which they are respectively located.'" *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) (quoting 28 U.S.C. § 1348). "[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Id.* at 307.

In the Notice of Removal, Defendant Wells Fargo asserts that:

> Effective December 31, 2007, World Savings Bank, FSB, changed its name to Wachovia Mortgage, FSB. (Exhibit C [Nov. 19, 2007 OTS Letter].) Effective November 1, 2009, Wachovia Mortgage, FSB, was converted to Wells Fargo Bank Southwest, N.A., and merged into Wells Fargo Bank, N.A. (Exhibit D [Nov. 1, 2009 OCC Certification Letter].)

(ECF No. 1 at 3). The Court will look to the citizenship of Defendant Wells Fargo to determine whether the parties are diverse pursuant to 28 U.S.C. section 1332. *See Meadows*, 785 F.2d at 672.

Defendant Wells Fargo asserts, and the record shows, that its main office is located in Sioux Falls, South Dakota. *See* ECF No. 1-2 at 152, Exh. E, Articles of Association of Wells Fargo Bank, National Association ("1. <u>Main Office</u>. The main office of this Association shall be in the City of Sioux Falls, County of Minnehaha, State of South Dakota."). The Court finds that the record is adequate to show that Defendant Wells Fargo is a citizen of South Dakota. Defendant Wells Fargo has carried its burden of establishing complete diversity of citizenship.

### C.  Amount in Controversy

Defendant must set forth in the removal petition the underlying facts supporting jurisdiction and show by a preponderance of the evidence that the jurisdictional threshold has been met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). The Defendant must prove that more likely than not the amount in controversy exceeds $75,000. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez,* 102 F.3d at 404. As to the amount in controversy, "[i]n actions seeking

declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002).

In this case, Plaintiff's Complaint requests the court to "declare that the purported deed is void," and enter a "judgment that Plaintiff is legal and equitable owner in fee simple of the property and that Defendant(s) have no interest in the property adverse to the Plaintiff." (ECF No. 1-2 at 9). Because Plaintiff's Complaint seeks to declare the purported deed void, the object of litigation is the loan. *See Barrus v. Recontrust Co.*, No. C11-618-RSM, 2011 WL 2360206, at \*3 (W.D. Wash. June 9, 2011) ("Here, Plaintiffs seek a declaration 'canceling' the Deed of Trust that secures their home loan and an injunction of the upcoming foreclosure sale of their home.... The loan amount - the object of the litigation - is $286,750."); *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010) (stating that "numerous courts have held that, where a complaint seeks to invalidate a loan secured by a deed of trust, the amount in controversy is the loan amount," and collecting cases); *Craver v. National City Bank*, 2009 WL 3483932, \*1–2 (E.D. Cal. 2009) (holding that the value of the loan was the amount in controversy when Plaintiff requested "that title to the subject property is vested in plaintiff, Constance Craver alone as of 02/01/2009 and that the defendant, National City Mortgage herein, and each of them, be declared to have no estate, right, title or interest in the subject property and that said defendant, National City Mortgage, and each of them, be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to Plaintiff herein").

Defendant Wells Fargo asserts and the record shows that the value of the loan is $558,750.00. *See* ECF No. 1 at 5; ECF No. 1-2 at 12, 29-30 ("THE MAXIMUM AGGREGATE PRINCIPAL BALANCE SECURED BY THIS DEED OF TRUST IS $ 698,437.60.... The Note shows that I owe Lender the original principal amount of U.S. $558,750.00 ... plus accrued and deferred interest and such other amounts as stated in the Note."). The Court finds that it is more likely than not the amount in controversy

exceeds $75,000. The Court concludes that all diversity requirements are met in this case.

## II. Procedural Requirements

Plaintiff contends that Defendant Wells Fargo did not file the removal in timely fashion. Plaintiff contends that the petition for removal was filed more than thirty days after the Defendant became aware of the existence of this action and it is therefore time barred. Plaintiff further contends that "[t]he rule of unanimity requires in the case of multiple defendant that all defendants consent to the removal," and "[t]here is no way for World Savings to consent to anything, since it is a defunct corporation." (ECF No. 8-1 at 7-8).

Defendant Wells Fargo contends that it did not remove the case to federal court until after it successfully moved to set aside the default that had been entered in the state court action. Defendant Wells Fargo contends that the process took more than thirty days to effectuate. Defendant Wells Fargo further contends that it was not properly served with the summons and complaint, the default was entered improperly, and the state court vacated the default.

28 U.S.C. section 1446 requires that all proper defendants join or consent to the removal notice. 28 U.S.C. § 1446; *see also Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) ("All defendants who have been 'properly ... served in the action' must join a petition for removal.") (quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988)). The removal statute further provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). "[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by

1  mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc.*
2  *v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *see also Quality Loan*
3  *Service Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1133 (9th
4  Cir. 2011) ("Actual notice of the action is insufficient; rather, the defendant must be
5  notified of the action, and brought under a court's authority, by formal process, before
6  the removal period begins to run.") (internal citations omitted).

7        The record shows that all proper Defendants joined or consented to the removal
8  notice. The record shows that Plaintiff filed the Complaint against Defendant World
9  Savings Bank, F.S.B. and Doe Defendants 1-20. The record further shows that (1) on
10 December 31, 2007, World Savings, FSB changed its name to Wachovia Mortgage,
11 FSB; (2) on November 1, 2009, Wachovia Mortgage, FSB changed its name to Wells
12 Fargo Bank Southwest, National Association; and (3) on the same day, Wells Fargo
13 Bank Southwest, National Association merged into and subsequently operated as part
14 of Wells Fargo Bank, National Association. (ECF No. 1-2 at 141). The Complaint is
15 brought against World Savings Bank, FSB and Does 1 through 20, and Wells Fargo is
16 the successor by merger to World Savings Bank, FSB. The Court concludes that the
17 removal by Wells Fargo satisfies Section 1446's requirement that all proper defendants
18 join or consent to the removal notice. *See* 28 U.S.C. § 1441(b) ("In determining
19 whether a civil action is removable on the basis of the jurisdiction under section 1332(a)
20 of this title, the citizenship of defendants sued under fictitious names shall be
21 disregarded.").

22       The record shows that on April 11, 2014, Plaintiff filed an "Ex Parte Application
23 for Order for Service of Summons Against Domestic Corporation by Delivery to
24 Secretary of State" in the San Diego County Superior Court. (ECF No. 1-2 at 54). On
25 April 28, 2014, the San Diego County Superior Court issued an order stating that:

26     IT IS HEREBY ORDERED that service of process on Defendant, a California corporation, be made by personal delivery to the Secretary of
27     State of California or to an Assistant or Deputy Secretary of State, of one copy of the summons and complaint together with one copy of this order;
28

    IT IS FURTHER ORDERED that on the receipt of said process and order

> the Secretary of State forthwith give notice to Defendant, a California corporation, of the service of process by forwarding by registered mail, charges prepaid with a request for a return receipt, a copy of the process and an copy of the order to be addressed to said corporation as follows: 1970 Broadway Street, Oakland, California 94612.

(ECF No. 1-2 at 57-58). On May 30, 2014, Plaintiff filed proof of service in the San Diego County Superior Court indicating that the Summons, Verified Complaint, and other accompanying documents were served on Barbara Shadof, Deputy Secretary of State. (ECF No. 1-2 at 59).

On August 4, 2014, Plaintiff filed a request for entry of default with the Clerk of the San Diego County Superior Court enter default of Defendants World Savings Bank, FSB and the default was entered the same day. (ECF No. 1-2 at 67). On September 23, 2014, Defendant Wells Fargo filed a motion for relief from default asserting that "Plaintiff served the wrong entity and based his application for service of the summons and complaint via publication to the Secretary of State on incorrect information." (ECF No. 1-2 at 66). On November 21, 2014, the San Diego County Superior Court issued a minute order stating that "The motion of Defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB to set aside the default is granted. CCP § 473. Defendant has made a sufficient showing for purposes of this motion that it is the successor to World Savings Bank, N.A. and may properly seek relief from the default." (ECF No. 1-2 at 144).

The record shows that Defendant Wells Fargo has not been properly served with the summons and complaint, and therefore, the thirty-day removal period was not triggered. *See Murphy Bros., Inc.*, 526 U.S. at 347-48; *Quality Loan Service Corp.*, 635 F.3d at 1133. The Court finds that Defendant Wells Fargo's removal was timely pursuant to Federal Rule of Civil Procedure 1446(b).

## MOTION TO STRIKE AND FOR SANCTIONS FOR IMPROPER REMOVAL (ECF No. 9)

Plaintiff's "Motion to Strike and for Sanctions for Improper Removal" "moves

for an order [] striking the motion for removal and motion for consolidation ... for improper removal from State to Federal Court...." (ECF No. 9 at 1-2). The motion further states that "Plaintiff will be seeking that the Notice for Removal and the Motion to Consolidate in this case be stricken and Case No. 3:14-cv-1428-WQH-DHB, be remanded to state court and the dismissal of the federal case presently before the court." *Id*. at 2.

To the extent Plaintiff's motion requests the Court to strike the Notice of Removal because the case was improperly removed from the state court, the motion is denied as moot. The Court concludes that all diversity requirements are met in this case. Defendant Wells Fargo carried its burden of establishing that there is complete diversity of citizenship and that the amount in controversy exceeds $75,000. The Court further concludes that all procedural requirements have been met. All proper defendants joined or consented to the removal notice and Defendant Defendant Wells Fargo's removal was timely pursuant to Federal Rule of Civil Procedure 1446(b).

To the extent Plaintiff's motion requests the Court to strike the Motion to Consolidate, the motion is denied. The motion to consolidate was filed in a different case. *See* Case No. 3:14-cv-1428-WQH-DHB, ECF No. 38. Furthermore, Plaintiff's request that the Court strike the Motion to Consolidate is moot because the Court issued an Order denying the Motion to Consolidate on March 3, 2015. *See id.*, ECF No. 52.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is DENIED. (ECF No. 8).

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike and for Sanctions for Improper Removal is DENIED. (ECF No. 9).

DATED: April 21, 2015

**WILLIAM Q. HAYES**
United States District Judge