1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERT PATRICK ZAPPIA, | CASE NO. 14cv2873-WQH-DHB |
| Plaintiff, | ORDER |
| v. | |
| WORLD SAVINGS BANK, FSB et al, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to dismiss (ECF No. 30) filed by Defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo").

**I. Background**

On March 17, 2014, Plaintiff initiated this action by filing a Complaint in San Diego County Superior Court, Case No. 37-00006927-CU-OR-NC alleging claims for quiet title to real property. The Complaint challenges Wells Fargo's interest in the Deed of Trust to a single family residence under Plaintiff's ownership and possession, located at 1560 Stevenson Court, San Marcos, California. (ECF No. 1-2 at 2). On December 4, 2014, Defendant Wells Fargo removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1332.

On May 31, 2016, Wells Fargo filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 30). On June 21, 2016, Plaintiff filed a response.

(ECF No. 32).  On June 23, 2016, Wells Fargo filed a reply.  (ECF No. 34).

## II. Request for Judicial Notice

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  However, there are "two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion."  *Id*.  First, Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed R. Evid. 201(b).  [U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'"  *Lee*, 250 F.3d at 689 (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986)).  Second, under the doctrine of incorporation by reference, "[a] district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleadings."  *Parrino v. FHP, Inc*., 146 F.3d 699, 705 (9th Cir. 1998) (internal quotation marks omitted).  Courts may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotations omitted).

Defendant requests the Court to take judicial notice of: (1) documents related to Wells Fargo's status as  successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB; (2) a bankruptcy petition filed by Plaintiff; and (3) the related bankruptcy court docket.  The Court takes judicial notice of these documents which are not subject to reasonable dispute over their authenticity.  *See* Fed R. Evid. 201(b); *Lee*, 250 F.3d at 690.

## III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

**IV. Discussion**

Defendant Wells Fargo contends that Plaintiff's claim for quiet title to the Property fails because tender of the full debt owed to Wells Fargo is a requirement of a quiet title claim and Plaintiff has not alleged tender. Wells Fargo contends that the bankruptcy discharge did not void or invalidate Well's Fargo's lien on the property pursuant to the deed of trust. Wells Fargo contends that even if the debt was discharged through bankruptcy, there was nothing improper about Wells Fargo receiving Plaintiff's payments on the loan.

Plaintiff admits that his "complaint arguably is defective in that Plaintiff has failed to plead his case in a manner consistent with current law as well as the reality of the documentary record." (ECF No. 32-1 at 3). Plaintiff concedes that his claims for quiet title are premature. Plaintiff contends that he should be allowed to amend his

complaint to remove the cause of action for quiet title and to add causes of action for declaratory relief and unjust enrichment.

Based on Plaintiff's concession that the complaint is defective and his claims for quiet title are premature, the Court grants the motion to dismiss the Complaint.

**V. Leave to Amend**

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Foman* factors). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Plaintiff contends that he should be given leave to amend his Complaint to add claims based on a recent California Supreme Court decision, *Yvanova v. New Century Mortg. Corp. et al*, 62 Cal.4th 919 (2016). Plaintiff contends that *Yvanova* overrules authority that previously held that borrowers lack standing to challenge the allegedly void assignment of a deed of trust. Plaintiff contends that based on *Yvanova* and "Plaintiff's proposed amended complaint with a cause of action for Declaratory Relief will be well pled and should be allowed." (ECF No. 32-1 at 5). Plaintiff contends that he should also be given leave to amend his Complaint to add a claim for unjust enrichment based on Wells Fargo's receipt of payments because Wells Fargo's interest in the loan is based on a void assignment.

1    Wells Fargo contends that the law does not allow Plaintiff's proposed claims for
2    declaratory relief and unjust enrichment based on allegations that Wells Fargo is not the
3    true creditor.  Wells Fargo  contends that *Yvanova* only applied to challenges to an
4    assignment of a deed of trust in a post-foreclosure context, not preemptive challenges.
5    Wells Fargo contends that because Plaintiff does not provide a basis to challenge the
6    assignment of a deed of trust prior to foreclosure, it would be futile to give Plaintiff
7    leave to amend his Complaint.

8    The *Yvanova* court stated,

9    Our ruling in this case is a narrow one.  We hold only that a borrower who
10   has suffered a nonjudicial foreclosure does not lack standing to sue for
     wrongful foreclosure based on an allegedly void assignment merely
11   because she was in default on the loan and was not a party to the
     challenged assignment.  We do not hold or suggest that a borrower may
12   attempt to preempt a threatened nonjudicial foreclosure by a suit
     questioning the foreclosing party's right to proceed.

13   62 Cal.4th at 924.  In *Yvanova*, the court stated, "We do not address the distinct
14   question of whether, or under what circumstances, a borrower may bring an action for
15   injunctive or declaratory relief to prevent a foreclosure from going forward." *Id.* at 934.
16   *Yvanova* did not alter the status quo that a plaintiff may not bring a preemptive action
17   before a foreclosure has occurred to challenge the assignment of the deed of trust.  *See*
18   *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 524-25 (2013) ("As an
19   unrelated third party to the securitization, and any other subsequent transfers of the
20   beneficial interest under the promissory note, [Plaintiff] lacks standing to enforce any
21   agreements, including the investment trust's pooling and servicing agreement, relating
22   to such transactions.  Furthermore, if any subsequent transfers of the promissory note
23   were invalid, [Plaintiff] is not the victim of such invalid transfers because her
24   obligations under the note remain unchanged.").

25   Plaintiff seeks to amend the Complaint by replacing the quiet title action with
26   claims for declaratory relief and unjust enrichment, both premised on challenging the

27

28

1  validity of the assignment of the deed of trust to Wells Fargo.[1]  The California Supreme

2  Court's decision in *Yvanova* does not provide Plaintiff with a legal basis to challenge

3  the assignment of a deed of trust because in this case, a foreclosure has not yet occurred.

4  Under California law, Plaintiff does not have standing to challenge the assignment.  The

5  Court concludes that based on Plaintiff's concession that the claims currently alleged

6  in the Complaint are defective, and the futility of amending the Complaint to add the

7  claims for declaratory relief and unjust enrichment as Plaintiff has proposed, the Court

8  denies Plaintiff leave to amend.[2]

9  **VI. Conclusion**

10       IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 30) is granted.

11  The Complaint is dismissed with prejudice.  The Clerk of the Court shall close the case.

12  DATED:  August 25, 2016

13

**WILLIAM Q. HAYES**
14  United States District Judge

15

16

17

18

19

20

21

22

23

24

---

25       [1] In the bankruptcy petition filed by Plaintiff in 2003, Plaintiff declared under
26  penalty of perjury that Wells Fargo was a secured creditor on the deed of trust.

27       [2] The Court has already dismissed with prejudice a related lawsuit filed by
    Plaintiff against Wells Fargo, Case No. 14-cv-14-28-WQH-DHB in which Plaintiff
28  alleged that Wells Fargo was unlawfully attempting to collect a debt based on the same
    deed of trust.  In that case, the claims dismissed with prejudice included claims for
    declaratory relief and unjust enrichment against Wells Fargo.